[Crim. No. 6019.   Second Dist., Div. Three.   Apr. 29, 1958.]

THE PEOPLE, Respondent, v. ROBERT FREEMAN JONES, Appellant.

§

Gladys Towles Root and Eugene V. McPherson for Appellant.

Edmund G. Brown, Attorney General, and Elizabeth Miller, Deputy Attorney General, for Respondent.

WOOD (Parker), J.—Defendant was charged with grand theft (of automobile) in Count I, and with violating section 503 of the Vehicle Code (driving automobile without consent of owner) in Count II. In a nonjury trial he was adjudged not guilty as to Count I, and guilty as to Count II. He appeals from the judgment.

Appellant contends that the evidence was insufficient to support the judgment.

Section 503 of the Vehicle Code provides: "Any person who drives or takes a vehicle not his own, without the consent of the owner thereof, and with intent to either permanently or temporarily deprive the owner thereof of his title to or possession of such vehicle, whether with or without intent to steal the same . . . is guilty of a felony . . . ."

Testimony on behalf of the People was in substance as follows: On March 12, 1957, about 1 a. m., Mr. Roncelli parked his Mercury automobile on Lake Street in Altadena, in front of a beer café. About 1:30 p. m. on that day, when he returned to the place where he left his automobile, the automobile was not there. He did not know the defendant and he did not give anyone permission to take the automobile. About 2:55 a. m. of that day, a police officer saw defendant sitting "behind the wheel" in Mr. Roncelli's automobile which was parked on Avenue 64 in Pasadena. The automobile was at the curb, and the parking lights of the automobile were lighted and the key was in the ignition.

A deputy sheriff, called as a witness by the People, testified that later on that same day defendant told him, as follows: defendant had been drinking at the beer café in Altadena and

had been talking with a person by the name of Shorty Serber; Shorty asked defendant "to drive him home" and told defendant that Shorty's Mercury automobile, with the key in the ignition, was parked on Lake Street; defendant got into the automobile and drove it to the café to pick up Shorty, and he saw Shorty get into another automobile; then defendant decided to go to Sawtelle to get assistance "as an alcoholic"; on his way to Sawtelle he was stopped by the police officers.

Defendant did not testify or call a witness in his behalf.

Appellant's argument is to the effect that there was no proof that he had the intent to deprive the owner of the possession of the automobile; and that since the prosecution presented, as a part of its case in chief, the testimony of the deputy sheriff to the effect that defendant said he took the automobile with the consent of Shorty and he thought Shorty was the owner of the automobile, the prosecution is bound by that testimony.

The question as to whether defendant had the intent to deprive the owner of the possession of the automobile was a question of fact for the determination of the trial judge.

In *People* v. *Acosta*, 45 Cal.2d 538 [290 P.2d 1] it was said at page 542: "The courts may sometimes say that the prosecution is 'bound by' extrajudicial statements of defendant which are introduced by the prosecution and which are irreconcilable with guilt, but this concept is applicable only where there is no other competent and substantial evidence which could establish guilt." In the present case there was competent and substantial evidence which would establish defendant's guilt. It is clear that the automobile was taken and driven by defendant without the consent of the owner. Defendant was found in the automobile, by police officers, about an hour and a half after the owner had parked the automobile. At that time no one was in the automobile with defendant. Although defendant said that a person, referred to as Shorty, asked defendant "to drive him home," defendant also said that when he was driving the automobile to the café to pick up Shorty he saw Shorty get into another automobile, and then defendant decided to go to Sawtelle, and on his way there he was stopped by the police officers. It is clear that defendant was not taking Shorty home. It is also clear, from defendant's statement, that after Shorty got into the other automobile defendant was not driving the automobile (of Mr. Roncelli) pursuant to any claimed per-

mission given by Shorty or anyone. The acts of defendant contradict any implication in his statement that he drove the automobile from the café with the consent of the owner. The trial judge was not required to believe that defendant thought that the person, referred to as Shorty, was the owner of the automobile. Defendant chose not to testify and explain the circumstances under which he was in Mr. Roncelli's automobile. The judge could infer that defendant intended to deprive the owner of the possession of the automobile. The evidence was sufficient to support the judgment.

The judgment is affirmed.

Shinn, P. J., and Vallée, J., concurred.